UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMMY DYER,

          Petitioner,

                                        Case No. 1:05-cv-480
v.                                    Hon. Robert J. Jonker

TERRY O'BRIEN,

          Respondent.

_____/

REPORT AND RECOMMENDATION

This matter is now before the court on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

I.       Background

On March 6, 1997, petitioner was convicted in this court of conspiracy to unlawfully distribute and possess with intent to distribute cocaine, cocaine base, and marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. *United States v. Ross et al*, 1:96-cr-84 (W.D. Mich.). He was sentenced to 360 months imprisonment, followed by 10 years of supervised release, a fine of $6,780.00 and a special assessment of $100.00. His conviction and sentence were affirmed on appeal and the United States Supreme Court denied a writ of certiorari. *See United States v. Dyer*, No. 97-1748 (6th Cir. Feb. 9, 1999), *cert. denied*, 527 U.S. 1013 (1999). Some years later, petitioner filed: a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Sept. 3, 2004); a "petition" to dismiss or amend the § 2255 motion (Jan. 10, 2005); and a "supplemental motion" (Feb. 14, 2005). *See Dyer v. United States*, No. 1:04-cv-589 (W.D. Mich.). The court subsequently: allowed petitioner to voluntarily dismiss his original § 2255 motion (which was based

on *Blakely v. Washington*, 124 S. Ct. 2531 (2004)); treated the January 2005 motion (which was

based on *United States v. Dale*, 178 F.3d 429 (6th Cir. 1999)) as his first § 2255 action; and, treated

the February 2005 "supplemental motion" as both a second and successive petition and an

amendment. *Id.* (Opinion March 17, 2005). The court then dismissed the § 2255 motion and denied

the "supplemental motion." *Id.* (Order March 17, 2005). The court later denied petitioner's Fed.

R. Civ. P. 59(e) motion to alter or amend the judgment. *Id.* (Opinion and Order Aug. 17, 2005).

On July 14, 2005, while incarcerated at the Federal Corrections Institution Ashland

(Kentucky), petitioner filed the present habeas petition pursuant to 28 U.S.C. § 2241, which raised

the following issue:

> The petitioner is actually innocent of conspiracy to distribute crack cocaine
> base and 28 USC § 2255 is inadequate and ineffective to test the legality of his
> continued detention.

Petition at § IV.A and p. 6A. Petitioner contends that he was convicted by a "general jury verdict,"

finding that he was guilty to a conspiracy to commit the crime of distribution and possession with

intent to distribute a controlled substance, namely, cocaine, cocaine base and/or marijuana. Pet. at

p. 6A. He was ultimately sentenced to a 360 month sentence based upon the court's finding of fact,

by a preponderance of the evidence, that he had been convicted of conspiracy to distribute and

possession with intent to distribute crack cocaine base. *Id.* Petitioner contends that he is factually

innocent of this crime:

> In the instant matter, the facts are clear that the petitioner was charged with
> a conspiracy, in the disjunctive, involving the distribution of cocaine, cocaine base,
> and/or marijuana, and the jury made a general finding as to guilt. Under [*United
> States v. Dale*, 178 F.3d 429 (6th Cir. 1999)] and [*Ballard v. United States*, 400 F.3d
> 404 (6th Cir. 2005)], the petitioner has established a "colorable showing of factual
> innocence" which requires this court to reach the petitioner's claims on the merits,
> find that the general jury verdict can sustain a conviction for "marijuana" only under
> *Dale* and *Ballard* and order the petitioner's immediate release as the time he has

2

served has exceeded the statutory maximum for conspiracy to distribute and possess
with intent to distribute marijuana under 21 U.S.C. § 841(b)(1)(D).

Pet. at p. 6D.

After filing this habeas action, petitioner continued to file motions seeking relief in
the underlying criminal action. Most recently, petitioner filed motions to modify his sentence
pursuant to 18 U.S.C. § 3582(c)(2), on the basis of Amendments 706 and 711 to the United States
Sentencing Guidelines, which made a reduction in the base offense level for crack-cocaine offenses
retroactive as of March 3, 2008. *See United States v. Ross et al*, 1:96-cr-84 (W.D. Mich.) (docket
nos. 603, 604, 611, 616). On March 14, 2008, the court ordered petitioner's motions held in
abeyance pending the resolution of motions made by criminal defendants with earlier release dates.
*Id.* (docket no. 612).

## II.    Discussion

Respondent contends that this court lacks jurisdiction to entertain the § 2241 action
because petitioner is confined outside of the district and he has failed to demonstrate actual
innocence, or, in the alternative, that the petition be denied.

Petitioner seeks relief under 28 U.S.C. §2241, which authorizes federal district courts
to grant writs of habeas corpus to prisoners "in custody." *See* 28 U.S.C. § 2241(c). "[T]he essence
of habeas corpus is an attack by a person in custody upon the legality of that custody." *Preiser v.
Rodriguez*, 411 U.S. 475, 484 (1973). In *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003), the court
explained the nature of § 2241and its relationship to 28 U.S.C. § 2255:

A petition for habeas corpus must be filed in the district court that has
jurisdiction over a prisoner's place of confinement. Section 2241(a) states, "Writs of
habeas corpus may be granted by the Supreme Court, any justice thereof, the district
courts and any circuit judge within their respective jurisdictions. The order of a
circuit judge shall be entered in the records of the district court of the district wherein

3

the restraint complained of is had." As a result, habeas corpus proceedings may occur in a court of confinement that is different from the court of conviction.

In 1948, at the behest of the Judicial Conference, Congress amended Section 2255 to allow the court that imposed sentence, rather than the court of confinement, to hear a collateral attack on that sentence. The Supreme Court observed in *United States v. Hayman*, 342 U.S. 205, 219, 72 S.Ct. 263, 96 L.Ed. 232 (1952), that Congress amended Section 2255 "to meet practical difficulties that had arisen in administering the habeas corpus jurisdiction of the federal courts . . . [T]he sole purpose was to minimize the difficulties encountered in habeas corpus hearings by affording the same rights in another and more convenient forum." *See also Davis v. United States*, 417 U.S. 333, 343, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974) (noting that "§ 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus").

*Martin*, 319 F.3d at 802-03.

Here, it appears that petitioner's § 2241 petition is brought pursuant to a limited exception (sometimes referred to as the "savings clause") set forth 28 U.S.C. § 2255.  In *Charles v. Chandler*, 180 F.3d 753 (6th Cir.1999), the Sixth Circuit explained the nature of § 2241 claims brought under this clause:

The fifth paragraph of § 2255, the "savings clause," provides that:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Construing this language, courts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

Still, pursuant to the "savings clause" in § 2255, a federal prisoner may bring a claim challenging his conviction or imposition of sentence under § 2241, if it

4

> appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." Significantly, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate. It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective.

*Charles*, 180 F.3d at 755-756 (citations omitted).

Petitioner voluntarily dismissed his § 2255 action brought in this district as *Dyer v. United States*, No. 1:04-cv-589. The issue before the court is whether his present § 2241 petition was properly filed under the "savings clause" and should, in turn, be transferred to the United States District Court for the Eastern District of Kentucky, the federal judicial district in which he is incarcerated.

Under the savings clause, petitioner "must show that he is entitled to pursue relief under habeas corpus, because his remedy under Section 2255 was inadequate or ineffective." *Martin*, 319 F.3d at 804.

> This is a rigorous showing, because "No circuit court has to date permitted a post-AEDPA [Anti-Terrorism and Effective Death Penalty Act, which amended Section 2255] petitioner who was not effectively making a claim of 'actual innocence' to utilize § 2241 (via § 2255's 'savings clause') as a way of circumventing § 2255's restrictions on the filing of second or successive habeas petitions." *Charles v. Chandler*, 180 F.3d at 757.

*Id.* Thus, to meet the requirements of the savings clause, petitioner must establish (1) that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention, and (2) that he has a claim of "actual innocence." *Id. See, e.g.*, *Adams v. Samuel*, No. 6:05-cv-689, 2006 WL 695250 at *2-4 (E.D. Ky. March 12, 2006) (to invoke the savings clause under § 2255, the Sixth Circuit's opinions in *Charles* and *Martin* require a petitioner to establish both that his remedy under

§ 2255 is inadequate and that he is actually innocent of the crime for which he was convicted). Petitioner cannot establish either of these requirements.

First, petitioner has the burden to establish that his remedy under § 2255 is inadequate or ineffective. *Charles*, 180 F.3d at 756. For purposes of the savings clause, a petitioner's remedy under § 2255 is not rendered ineffective or inadequate simply because the court denied the motion for relief, the petitioner is procedurally barred from filing the motion, or petitioner had a reasonable opportunity to file the motion but failed to do so a "the result of his own doing and not due to any inadequacy in the statute." *Id.* at 756-58. In short, "[t]he remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255." *Id.* at 758. Here, petitioner had reasonable opportunity to file a § 2255 motion, in fact filed such motion and then voluntarily dismissed it. If petitioner's remedy under § 2255 is now rendered ineffective or inadequate, it is "the result of his own doing." *Id.* at 758. Petitioner has not demonstrated that his remedy under § 2255 is ineffective or inadequate. Accordingly, for this reason alone, the present § 2241 petition fails.

Second, the court concludes that petitioner's actual innocence claim is without merit. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-624 (1998). "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* at 623 (internal quotation marks omitted). Petitioner has not presented any evidence to dispute his conviction. Rather, petitioner appears to concede his guilt, by disputing only the length of his sentence, i.e., he should have received a shorter sentence for distributing marijuana. Petitioner has failed to demonstrate that he is actually innocent of the offense for which

6

he was convicted.  Accordingly, he is not entitled to proceed with this § 2241 petition pursuant to the savings clause.

### III.    Conclusion

Petitioner should have filed this § 2241 action in the United States District Court for the Eastern District of Kentucky.  However, because petitioner has failed to meet the threshold requirement for filing this petition under the savings clause, it would serve no purpose to transfer this action and burden another federal court with this meritless litigation.  Accordingly, I respectfully recommend that this habeas petition be **DENIED**.


Dated:  June 9, 2008                                       /s/ Hugh W. Brenneman, Jr.
                                                           HUGH W. BRENNEMAN, JR.
                                                           United States Magistrate Judge


ANY OBJECTIONS to this Amended Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6t`h Cir. 1981).